UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MEGAN FINNEY | ) | CIVIL ACTION |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NCC BUSINESS SERVICES, INC. | ) | JURY TRIAL CLAIMED |
|     Defendant | ) | |
| | ) | AUGUST 19, 2011 |

## COMPLAINT

1. This is a suit brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and includes a pendent State law claim for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2. Plaintiff, Megan Finney, is a natural person residing in Guilford, Connecticut.

3. Defendant, NCC Business Services, Inc. ("NCC"), is a Florida corporation located in Jacksonville, Florida that is engaged in the practice of collecting consumer debts.

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367 and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over NCC because it engaged in debt collection in Connecticut.

6. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

7. In early 2009, NCC sent Plaintiff a collection notice to her home in Guilford in an attempt to collect a debt claimed by a former landlord.

8. Plaintiff disputed the debt, and on February 4, 2009, within 30 days of her receipt of the collection notice, she wrote to NCC and requested that it validate the debt.

9. As of November 30, 2010, NCC had not provided the requested validation.

10. Notwithstanding its failure to validate the debt, NCC reported the account as delinquent to Experian, a consumer reporting agency, in November 2010.

11. In or around December 2010, Plaintiff called NCC to discuss the reporting of the account, and she spoke with an NCC representative.

12. The NCC representative told Plaintiff that it considered the debt valid and that it would continue to report it to Experian.

13. NCC had not, as of the date of that conversation, provided any validation of the debt.

14. NCC is not licensed with the Connecticut Department of Banking as a consumer collection agency.

15. NCC's conduct violated the FDCPA and CUTPA.

16. Plaintiff suffered actual damages in the form of harm to her credit.

17. Plaintiff also has an ascertainable loss in connection with postage, travel, and other expenses related to the need to dispute the credit reporting, communicate with her attorney, and obtain the validation that NCC failed to provide her.

WHEREFORE, Plaintiff seeks recovery of actual damages (including emotional distress related damages) pursuant to 15 U.S.C. § 1692k and C.G.S. 42-110g; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k and C.G.S. 42-110g; punitive damages pursuant to 42-110g; damages under 47 U.S.C. 227(b)(3); and such other relief as this Court deems appropriate.

**PLAINTIFF MEGAN FINNEY**

By: /s/Daniel S. Blinn
Daniel S. Blinn, ct02128
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408 Fax (860) 571-7457